# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1468V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KRISTAL GRIGG, *Natural Mother of and Guardian for* N.G., *a minor*, | |
| Petitioner, | Filed: September 16, 2016 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.

*Michael P. Milmoe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On December 4, 2015, Kristal Grigg filed a petition on behalf of her minor child, N.G., seeking compensation under the National Vaccine Injury Compensation Program, alleging, among other things, that the Diphtheria-Tetanus-acellular Pertussis-Inactive Polio Vaccine ("DTaP-IPV") N.G. received on August 19, 2014, caused N.G.'s subsequent development of angiomatoid fibrous histiocytoma.[2] ECF No. 1. Thereafter, the parties entered into informal settlement negotiations and

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

requested I issue a "15 Week" Order, and I did so. ECF No. 11. The parties then filed their stipulation for an award of damages on July 11, 2016 (ECF No. 14), and I adopted the stipulation as my decision granting damages on July 12, 2016. ECF No. 15.

Petitioner has now filed a motion for final attorney's fees and costs, dated August 25, 2016. *See* ECF No. 20. Petitioner requests reimbursement of attorney's fees and costs in the amount of $20,611.14 (representing attorney's fees in the amount of $17,500.00, plus costs in the amount of $3,111.14). *Id*. Respondent has formally stated that she does not object to the sum requested. ECF No. 21. In addition, and in compliance with General Order No. 9, Petitioner represents that she has not incurred any out-of-pocket, litigation-related expenses in conjunction with this proceeding. ECF No. 20-4.

Though Respondent does not object to the sum requested, special masters have discretion to determine the reasonableness of a fees award. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Here, I find some additional adjustment is warranted.

Ms. Gallagher worked on the present case from 2015 to 2016, and Petitioner requests that Ms. Gallagher receive $350 per hour for both years. Application for Att'y Fees and Costs at 3. However, I previously decided that Ms. Gallagher was not entitled to forum rates, because the majority of her work was performed from her office in Linwood, New Jersey, and the local billing rate was considerably lower than the forum rate. *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *9 (Fed. Cl. Spec. Mstr. Nov. 10, 2015) (finding that the *Davis* exception[3] applies to Ms. Gallagher). After comparing her requested rates to similarly experienced New Jersey attorneys who did not practice in the immediate New York City metropolitan area, I determined her appropriate hourly rate for work performed in 2015 was $315 per hour. *Id.* at *12. Accordingly, the rate requested exceeds my prior determination.

There is no documentation to suggest that Ms. Gallagher performed the majority of work in this case somewhere other than Linwood, New Jersey. Because I have already determined that $315 is the appropriate rate for Ms. Gallagher's 2015 work, I will lower the requested rate and award $315 per hour for her work in this case performed during 2015, or $8,190.00 for her 26 hours of work.

---

[3] An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is the *Davis* exception to the forum rule, which applies if the bulk of the attorney's work was performed outside of Washington, DC, in a location where prevailing rates are substantially lower than the forum rate. *Avera*, 515 F.3d at 1349 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

I will, however, adjust upward her hourly rate for 2016 to reflect inflation. Ms. Gallagher's $315 per hour rate amounts to $319.82 per hour in 2016. CPI Inflation Calculator, U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed September 13, 2016) ("CPI Calculator"). In the exercise of my discretion, I will award $320 per hour for Ms. Gallagher's work on this case in 2016. For the 24 hours of work performed in 2016, Ms. Gallagher will receive $7,680.00. This brings the total amount of attorney's fees awarded to $15,870.00. Attorney's costs will be awarded for the full requested amount of $3,111.14.

Accordingly, an award of $18,981.14 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Carol L. Gallagher, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.